**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DACQUAN SMITH,<br><br>                              Plaintiff,<br><br>         -against-<br><br>DEPARTMENT OF CORRECTION, CITY OF NEW YORK, ET AL.,<br><br>                              Defendants. | 24-CV-06086 (JGK)<br><br>ORDER OF SERVICE |

**JOHN G. KOELTL, District Judge:**

The plaintiff, who currently is incarcerated at Otis Bantam Correctional Center on Rikers Island, brings this action, pro se, under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. By order dated August 13, 2024, the Court granted the plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. ECF No. 4.[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006)(emphasis in original).[2]

## DISCUSSION

**A.   New York City Department of Correction**

The plaintiff's claims against the New York City Department of Correction ("DOC") must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

---

[2] Unless otherwise noted, this Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

2

In light of the plaintiff's pro se status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace DOC with the City of New York. See Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses that the City of New York may wish to assert.

**B.   Order of service**

The Clerk of Court is directed to notify DOC and the New York City Law Department of this Order. The Court requests that the following defendants waive service of summons: (1) City of New York; (2) Correction Officer ("C.O.") Ganaishla #20137; (3) C.O. Salah #20061; (4) C.O. Captain Weekes #1028; (5) C.O. Captain Russell #237; (6) Assistant Commissioner J. Collado; (7) Deputy Commissioner Ford; and (8) Commissioner Lynelle Maginley-Liddle.

**C.   Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

the date of this order, the defendants must serve responses to these standard discovery requests. In their responses, the defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses the plaintiff's claims against the New York City Department of Correction. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a defendant under Federal Rule of Civil Procedure 21.

The Clerk of Court is further directed to notify electronically the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the defendants waive service of summons.

The Clerk of Court is also directed to mail an information package to the plaintiff. Local Rule 33.2 applies to this case.

**SO ORDERED.**

Dated: August 19, 2024                  /s/ John G. Koeltl
       New York, New York

                                               **JOHN G. KOELTL**
                                   **United States District Judge**

---

[3] If the plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, the plaintiff may request them from the Pro Se Intake Unit.